UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RHONDA M. GARCIA,

    Plaintiff,      CIV. S-04-1478 GEB PAN

   v.

JO ANNE B. BARNHART,     Findings and Recommendation
Commissioner of Social
Security,

    Defendants.

—o○o—

   Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

   If eligible, to qualify for benefits a claimant must establish inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A).  Defendant bases her decision upon a five-step analysis.  First, the claimant must not currently be working.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. § 404.1520(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found plaintiff was eligible, suffered from degenerative disc disease of the lumbar spine but no listed impairment, that she retains the capacity for sedentary work including her past work as collections clerk and is not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401, 91

S.Ct. 1427 (1971), but less than a preponderance. <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990). It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401. The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision. <u>Gonzalez v. Sullivan</u>, <u>supra</u>, 914 F.2d at 1200. If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence. <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant erroneously rejected the opinions of two treating physicians and discredited her testimony about the limitations imposed by pain.

The opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987) (citations omitted). However, the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability. See <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989); <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 761-62 & n. 7

3

(9th Cir. 1989).  When a nontreating physician's opinion contradicts that of the treating physician-but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician-the opinion of the treating physician may be rejected only if the administrative law judge gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes, 881 F.2d at 751, 755 (quoting Sprague, 812 F.2d at 1230).  Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.  Andrews, 53 F.3d at 1041.  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes, 881 F.2d at 750, (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)).  Where medical reports are inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample, 694 F.2d at 642 (quoting Waters v. Gardner, 452 F.2d 855, 858 n. 7 (9th Cir. 1971)).  Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1999).

When a claimant produces medical evidence of an underlying impairment reasonably likely to be the cause of alleged pain, the administrative law judge may not discredit the claimant's allegations of the severity of pain solely on the ground they are unsupported by objective medical evidence but may

4

find a claimant is not credible for reasons, supported by the record, that assure a reviewing court that a claimant's testimony about the limitations imposed by pain is not arbitrary. Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991). There must be specific, cogent reasons for disbelief and without affirmative evidence of malingering the reasons must be clear and convincing. Morgan v. Apfel, 169 F.3d 595 (9th Cir. 1995).

In October 1998 plaintiff was involved in an automobile accident that exacerbated existing back pain. Diagnostic studies showed a bulge of the L3-4 disc and degenerative disease at L4-5 and L5-S1. In August 1999, the L3-4 disc was herniated. In January 2000 plaintiff underwent surgery. In January 2002 a new bulge developed at T11-12. In March 2002 Dr. Phyllis Cullen saw plaintiff to treat her for persistent lumbosacral pain. Dr. Cullen administered an epidural steroid injection.  Tr. 229. Plaintiff reported the injection gave significant relief for three weeks. Tr. 228. Dr. Cullen next saw plaintiff in June 2002 and noted plaintiff had been unable to reduce her narcotic pain medicine and administered another steroid injection but it provided no improvement. Tr. 225, 224. In September 2002, Dr. Cullen reported that plaintiff was disabled by pain which prevented her from sitting or standing and walking more than three hours in an eight-hour workday and that "frequently" (i.e., 34-66% of the time) seriously interfered with her activities of daily living (e.g., bathing, shopping, cooking, cleaning, paying bills) and would "occasionally" (i.e., 11-33% of the time)

seriously interfere with her ability to maintain concentration, persistence and pace sufficient to perform simple, routine tasks. Tr. 223.  Dr. Light also treated plaintiff during the same time. He thought plaintiff could sit for four hours and stand and walk for two hours in an eight-hour workday, agreed with Dr. Cullen's opinion about the effects of pain on her daily living activities but thought that pain would more seriously interfere with concentration, etc.  Tr. 294.  Defendant did not mention Dr. Cullen's opinion and rejected plaintiff's testimony about the limitations imposed by pain in part upon Dr. Light's findings.

The decision denying benefits did not apply the proper legal standards in evaluating plaintiff's evidence and the opinions of her treating physicians and is not supported by substantial evidence.  Therefore, I recommend that the decision be reversed with instructions to award benefits.  See Distasio v. Shalala, 47 F.3d 348 (9th Cir. 1995) (court has discretion to award benefits when the record is fully developed and there are no outstanding issues to be resolved).

Dated:  May 25, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge